**Habeas Corpus of Leon JORDAN.**

**No. A–12148.**

Criminal Court of Appeals of Oklahoma.

Jan. 19, 1955.

Lee Welch, Antlers, for petitioner.

C. E. Dudley, Edwin Dudley, Joe Stamper, Antlers, for respondent.

JONES, Presiding Judge.

This is an original action in habeas corpus brought by the petitioner, Leon Jordan, for the purpose of being admitted to bail upon two charges of murder now pending against him in the District Court of Pushmataha County; in one of said charges it is alleged that he murdered his wife, Lillian Jordan, and in the other charge it is alleged he shot one Bill Donica, both of said homicides allegedly occurring at the home of Jordan on November 14, 1954.

The cause was submitted upon the transcript of the record taken at the preliminary hearing, a transcript of the record taken at the hearing on an application for bail before the District Court of Pushmataha County and the evidence of witnesses who testified before this court.

It is unnecessary to recite the evidence in detail. The deceased, Donica, was at the home of Jordan in an intoxicated condition. Some difficulty ensued whereby the petitioner Jordan, Jordan's wife and the wife of the deceased Donica all attempted to quiet Bill Donica. Donica resisted their efforts. Jordan seized a rifle and according to Mrs. Donica, the lone surviving witness other than Jordan, the petitioner, Jordan, threatened to shoot Donica. Jordan's wife grabbed the gun in an attempt to prevent Jordan from shooting Donica and in the scuffle that occurred she was accidentally shot.

Defendant in his testimony stated that the shooting of his wife was wholly an accident and that he shot Donica because Donica was advancing upon him with a butcher knife. The evidence of the State refuted that of the defendant in so far as the shooting of Donica was concerned, but some of the proof of the State would support the contention of the accused that the shooting of his wife was wholly accidental. At the time of the hearing before this court, we were convinced that the accused had made a showing entitling him to bail on the alleged charge of the murder of his wife, but the cause was taken under advisement for further study of the record in connection with the shooting of Donica.

In Ex parte O'Quinn, 95 Okl.Cr. 430, 247 P.2d 537, it was held:

"The right to bail in a capital case is absolute unless the proof is evident or the presumption great that the defendant is guilty as charged and that in case of conviction he would probably receive life sentence or death."

See also Ex parte Louis, 85 Okl.Cr. 427, 188 P.2d 710; Ex parte Hickerson, 95 Okl. Cr. 246, 244 P.2d 349.

Considering the evidence as a whole, we are convinced that the petitioner has sustained the burden of showing that he is entitled to bail.

It is therefore ordered that the petitioner be admitted to bail in the sum of $15,000 in the case wherein he is charged with the alleged murder of his wife, Lillian Jordan, and that he be admitted to bail in the sum of $35,000 in the case wherein he is charged with the alleged murder of Bill Donica, each of said bonds to be approved by the court clerk of Pushmataha County and to be conditioned as required by law.

BRETT and POWELL, JJ., concur.